UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYRONE ANTWAN WALKER,

    Plaintiff,

v.                                                      Case No. 3:24-cv-773-MMH-LLL

J. VANDIGO, et al.,

    Defendants.
_____

## ORDER

Plaintiff Tyrone Antwan Walker, an inmate of the Florida penal system, initiated this action on July 29, 2024, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) with attachments (Docs. 1-1 through 1-3). In the Complaint, he names the following Defendants: (1) Sergeant J. Vandigo, (2) Officer N. Wright, (3) Lieutenant Tyler Watson, (4) LPN Lucinda O'Connor, and (5) Sergeant Sean Bailey. See Complaint at 3–5. Walker raises two claims for relief: an Eighth Amendment deliberate indifference claim against Defendant O'Connor and an Eighth Amendment failure to protect claim against Defendants Vandigo, Wright, Watson, and Bailey. See id. at 6. Walker's claims arise from a July 2022 incident in which another inmate stabbed him. See id. at 12–13. Walker requests declaratory and injunctive relief, as well as monetary damages. See id. at 17.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the

---

[1] Walker proceeds as a pauper. See Order (Doc. 5).

2

PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions

4

masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Walker's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must

5

'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence standard" in determining whether an official acted with deliberate indifference to that serious medical need. See Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) ("To establish deliberate indifference, a plaintiff must demonstrate that the prison officials (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence.") (internal quotations omitted)); see also Wade v. McDade, 106 F.4th 1251, 1255 (11th Cir. 2024). Recently, however, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision

6

in <u>Farmer</u> and clarified that courts in this circuit should apply the "subjective recklessness" standard as used in criminal law. See <u>Wade</u>, 106 F.4th at 1253. Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [<u>Farmer</u>, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," <u>id.</u> at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." <u>Id.</u> at 844–45.

<u>Id.</u> at 1262 (enumeration and emphasis omitted).[3]

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." <u>Swain</u>, 961 F.3d at 1285. Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. <u>Daniels v. Williams</u>, 474 U.S. 327, 330–31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 348 (1986) ("As we held in

---

[3] The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in <u>Wade</u>, finding that to the extent prior Eleventh Circuit deliberate indifference cases are <u>not</u> inconsistent with <u>Wade</u>, "they should continue to be cited as binding precedent." <u>Wade</u>, 106 F.4th at 1265 (Jordan, J., concurring).

7

Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). The Eleventh Circuit has also noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007)[4] (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Here, Walker brings an Eighth Amendment deliberate indifference claim against Defendant O'Connor. See Complaint at 6. As to the specific facts underlying his claim, Walker alleges that after another inmate "stabb[ed]" him, he was transported to medical where Defendant O'Connor cleaned his

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

wounds. See id. at 13. According to Walker, when he moaned because of the pain, Defendant O'Connor responded, "it's not that bad" and "this [is] what prisoners get." Id. Walker contends that Defendant O'Connor refused to bandage his wounds because they would "heal faster." Id. He asserts that he did not sustain "deep stab wounds," only "deep cuts (because for some reason the knife . . . didn't go all the way through)." Id. at 14.

The Court finds that Walker fails to allege facts permitting the reasonable inference that Defendant O'Connor was deliberately indifferent to his serious medical needs. Indeed, Defendant O'Connor provided medical care to Walker by cleaning his wounds and applying bacitracin. See Complaint at 13; see also Doc. 1-1 at 10. Notably, although Defendant O'Connor did not bandage Walker's wounds, he does not allege that they became infected. Walker merely disagrees with the type of treatment provided by Defendant O'Connor. Such disagreement, however, does not rise to the level of an Eighth Amendment violation. See Adams, 61 F.3d at 1545 ("[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." (quoting Estelle, 429 U.S. at 107)); Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [the inmate] may have desired

different modes of treatment, the care the jail provided did not amount to deliberate indifference."). To the extent Walker complains about Defendant O'Connor's remarks while she cleaned his wounds, the statements, at most, demonstrate a poor "bedside manner" and do not support "an inference of deliberate indifference." Bismark, 213 F. App'x at 897. Therefore, the claim against Defendant O'Connor is due to be dismissed.

In addition to filing his Complaint, Walker has filed a proposed order, entitled Order to Show Cause for a Preliminary Injunction [and] a Temporary Restraining Order (Doc. 1-3), and a Declaration (Doc. 1-2) by which he apparently attempts to seek preliminary injunctive relief. In doing so, Walker alleges that he fears retaliation from officers. See generally Doc. 1-2. He also asserts that "[u]pon information and belief," the inmate who stabbed him is housed in "the dormitory next to the dormitory [he is] housed in," and he fears for his life. Id. at 1–2.

Upon review of Walker's Request for Injunctive Relief, the Court finds that he is not entitled to a temporary restraining order or a preliminary injunction. First, he has not complied with the requirements of Rule 65, Federal Rules of Civil Procedure, and Local Rule 6.02. He did not file a separate motion, and he did not provide the Court with a brief or legal memorandum

10

supporting his motion. Regardless, the Court is of the opinion that preliminary injunctive relief is not warranted.

> "A preliminary injunction is an extraordinary remedy never awarded as of right," id.[5] at 1077 (internal quotation marks omitted), and the party seeking that remedy must satisfy a four-part test, Otto v. City of Boca Raton, 981 F.3d 854, 860 (11th Cir. 2020). First, it must prove that "it has a substantial likelihood of success on the merits." Id. (internal quotation marks omitted). Second, it must prove that it will suffer irreparable injury unless the injunction issues. Id. Third, it must prove that the injury that threatens it "outweighs whatever damage the proposed injunction may cause the opposing party." Id. (internal quotation marks omitted). Finally, it must prove that "the injunction would not be adverse to the public interest" if issued. Id. (internal quotation marks omitted).

Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen., Fla. Dep't of Health, 50 F.4th 1126, 1134–35 (11th Cir. 2022); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Walker has failed to carry his burden. As such, his request is due to be denied.

---

[5] Fed. Trade Comm'n v. On Point Cap. Partners LLC, 17 F.4th 1066 (11th Cir. 2021).

Therefore, it is now **ORDERED:**

1. Walker's request for injunctive relief (Docs. 1-2, 1-3) is **DENIED**.

2. The claim against Defendant O'Connor is **DISMISSED without prejudice**. The **Clerk** shall terminate O'Connor as a Defendant in this case.

3. Walker's claims against Defendants Vandigo, Wright, Watson, and Bailey will proceed. A separate Order will enter regarding service of process on the remaining Defendants.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of December, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 11/22
c:   Tyrone Antwan Walker, #B04225